**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AKILAH YOUNG, an individual,

Plaintiff,

v.

ZAPPOS.COM, INC., et al.,

Defendants.

2:08-CV-741 JCM (PAL)

Date: N/A
Time: N/A

**ORDER**

Presently before the court is defendant Zappos.com's motion for summary judgment (Doc. #95). Plaintiff Akilah Young, appearing pro se, filed a response (Doc. #99), and subsequently filed a motion to amend her response (Doc. #101). This court issued an order (Doc. #103) granting plaintiff leave to amend her response on February 17, 2010. Also before the court is defendant Zappos.com's motion to strike (Doc. #108) plaintiff Akilah Young's reply (Doc. #107) to defendant's reply (Doc. #105).

Defendant Zappos.com (hereinafter "defendant") filed its reply (Doc. #105) to plaintiff's initial response on February 19, 2010. Subsequently, plaintiff filed an amended motion opposing summary judgment (Doc. # 106), and a reply to defendant's response (Doc. #107) on March 18, 2010.

Plaintiff originally asserted 17 claims against Zappos.com. (Doc. #18). Plaintiff voluntarily stipulated to dismissal of her blacklisting claim and the "claims under NRS 608" on October 30, 2008 (Doc. #34).

James C. Mahan
U.S. District Judge

Plaintiff's complaint contains the remaining 15 claims for relief: (1) sex discrimination and sexual harassment under Title VII; (2) retaliation under Title VII; (3) negligent hiring, training, and supervision; (4) vicarious liability; (5) negligence per se; (6) whistle blowing in violation of N.R.S. § 357.240; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; (9) sex discrimination and retaliation in violation of N.R.S. 613.330, N.R.S. 613.333, and any other applicable Nevada statutes; (10) assault; (11) battery; (12) breach of covenant of good faith and fair dealing; (13) breach of contract; (14) compensatory and punitive damages; and (15) defamation.

**I. Summary of Facts**

Plaintiff's claims stem from alleged incidents of sexual harassment which occurred during her year of employment with defendant Zappos.com. Plaintiff further alleges that defendant Zappos.com failed to remedy the conduct of employee Jacqueline Marsh and that Zappos.com retaliated against her after complaining about the harassment. Plaintiff specifically complains of three incidents in which she was inappropriately touched by Zappos.com employee Jacqueline Marsh.

The first incident allegedly occurred in January 2007 at an offsite holiday party sponsored by Zappos.com. *See* Ex. 5 at 60, ll 10-16; 61, ll.19-23. Plaintiff alleges she "felt someone grab and squeeze my buttocks." *Id.* at 64, ll.10-14. The plaintiff described this contact as brief and believes that she was touched with only one hand. *Id.* at 65, ll.1-19. During the third week of February 2007 Jacqueline Marsh allegedly admitted she was the person that grabbed plaintiff's buttocks. *Id.* at 69, l. 9 to 70, l. 18. Plaintiff admits that she failed to report the incident to her superiors until May 2007. *Id.* at 71, ll.20-25.

The second incident plaintiff complains of occurred in the ladies restroom at Zappos.com in May 2007, when Marsh again allegedly "grabbed and squeezed my buttocks." *Id.* at 78, ll. 11-15. (Plaintiff was on break when the contact occurred and "she was able to get through the day without it having an effect on [her] work." *Id.* at 85, ll. 2-14.) Plaintiff reported the incident to her lead Kimberly Pistole, *Id.* at 78, l.25 to 79, l. 2, who stated, "I'll talk to her [Marsh]." *Id.* at 83, ll. 3-4.

Zappos.com team leader Loren Becker then advised Jacqueline Marsh to refrain from touching anyone in a manner that the person might find offensive. See Ex. 11 at ¶ 18.

The third incident plaintiff complains of allegedly occurred on the morning of August 22, 2007. *Id.* at 85, ll. 15-18; 110, ll. 15-22. Plaintiff claims Marsh reached out with one hand and grabbed her buttocks, and Dominique Washington's buttocks, as the two women passed Marsh on the stairs. *Id.* at 102, l. 4 to 103, l. 2. Plaintiff immediately reported this incident to her lead Duke Cajala. *Id.* at 106, ll. 21-24. Cajala seemed surprised by the report and "presented himself as if he wanted to help resolve the matter." *Id.* at 108, ll. 1-9, and ll. 21-24.

Upon receiving this complaint Zappos.com immediately initiated an investigation that was conducted by Human Resources Generalist Manager Hollie Delaney. *See* Ex. 11 at ¶¶ 15-16. The following day, August 23, 2007, Zappos.com suspended Marsh pending the results of the investigation. *Id.* at ¶¶ 22-23. Following the investigation Marsh was fired on August 28, 2007 because she had previously been warned to refrain from such conduct by Loren Becker. *See* Ex. 11 at ¶ 23. As Zappos.com promptly took remedial action in response to plaintiff's complaints, it cannot be held liable for Marsh's actions.

## II. Legal Standard

Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, to show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of proving the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

When ruling on a motion for summary judgment, a trial court can consider only admissible evidence. *See* Fed. R. Civ. P. 56(e); *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). "Authentication ' is a condition precedent to admissibility,' and this condition is satisfied by ' evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Orr*, 285 F.3d at 773 (quoting Fed. R. Evid. 901(a)). Defendant submitted some fifty-one exhibits along with this motion, all properly authenticated.

James C. Mahan
U.S. District Judge

## III. Sexual Harassment Claims

To prevail on a claim of sexual harassment, a plaintiff must demonstrate that: (1) she was subjected to sexual advances or requests for sexual favors; (2) this conduct was unwelcome; and (3) this conduct was sufficiently severe and pervasive to alter the conditions of employment and create a hostile work environment. *Ellison*, 924 F.2d at 875-76 (9th Cir. 1991).

Plaintiff asserts that she was subjected to unwanted sexual advances by Jacqueline Marsh, and also asserts that she conveyed to both Marsh and Zappos.com management that these advances were unwelcome. *See* Ex. 5 at 85, ll. 15-20. Regardless if plaintiff satisfies the first two elements of this claim, plaintiff cannot prove that the conduct complained was sufficiently severe or pervasive to have created a hostile work environment.

To evaluate a hostile work environment, a court should consider: (1) frequency of conduct; (2) severity of conduct; (3) whether the conduct was physically threatening or humiliating; (4) whether the conduct was a 'mere offensive utterance'; and (5) whether the conduct unreasonably interfered with work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). Furthermore, "Title VII forbids only behavior so offensive as to alter the 'conditions' of the victim's employment." *Oncale v. Sundowner Offshore Services*, 523 U.S. 75, 81 (1998).

Here, plaintiff complains of three incidents of sexual harassment during an eight- month span, all at the hands of Jacqueline Marsh. The unwelcome conduct was not sufficiently severe or pervasive to have altered the conditions of her employment such that a hostile work environment was created because plaintiff never suggests that it impacted her work.

Additionally, this court finds that "isolated incidents of sexual horseplay...are not so egregious," as to create a hostile work environment. *Candelore v. Clark County Sanitation Dist.*, 975 F.2d 588,590 (9th Cir. 1992). "Title VII does protect an employee who experiences conduct which is merely offensive or annoying." *Harris*, 510 U.S. at 21. Furthermore, plaintiff only reported two of the three alleged incidents of sexual harassment to her superiors, who promptly terminated Marsh when an investigation confirmed a recurrence of the offensive conduct. Therefore, Zappos.com promptly remedied the instances of harassment it knew about and cannot be held liable

James C. Mahan
U.S. District Judge

for Marsh's actions. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 724, 758 (1998).

## **IV. Retaliation Claim**

Plaintiff's second cause of action is for retaliation. To prevail on a Title VII retaliation claim a plaintiff must first establish a prima facie case by showing: (1) plaintiff's involvement in a constitutionally protected activity; (2) adverse employment action; and (3) a causal link between protected activity and adverse employment action. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

Here, plaintiff fails to meet this burden because she has failed to demonstrate a causal link between her reports of harassment to her superiors and her eventual termination. Attendance issues, poor productivity, and poor work performance in the months preceding plaintiff's termination indicate that Zappos.com had legitimate, non-retaliatory reasons for terminating her employment. *See* Exs. 30-36, and 39.

She complained of sexual harassment to her lead in May 2007, and received a positive review shortly thereafter, in June 2007. *See* Ex. 25 at ZY-282-84. However, beginning in July 2007, before plaintiff had even complained about defendant's failure to remedy Marsh's conduct, Zappos.com had already begun counseling plaintiff about her worsening attendance and performance, and instructed plaintiff to make sure she arrived on time and took appropriate breaks to avoid future discipline. *See* Ex. 27.

By August 2007, plaintiff's plunging quality assurance ("QA") scores had continued to decline and she regularly scored below her previous average of 90%. *See* Ex. 29. Therefore, Zappos.com had documented a decline in plaintiff's work performance well before she complained about her supervisors' handling of Marsh. Defendant is entitled to judgment as a matter of law on this claim because plaintiff failed to present evidence that her employer, Zappos.com, discriminated against her because of her gender or retaliated against her because she complained of sexual harassment.

. . .

. . .

James C. Mahan
U.S. District Judge

**IV. Tort Claims Precluded by Nevada Industrial Insurance Act**

Plaintiff also brings the following causes of action: (1) assault; (2) battery; (3) intentional infliction of emotional distress; (4) negligent hiring, training, and supervision; (5) negligence per se, and (6) negligent infliction of emotional distress. Plaintiff's tort claims against defendant fail as a matter of law because those claims are preempted by the Nevada Industrial Insurance Act ("NIIA", NRS 616A-NRS 616D).

Nevada Revised Statute 616A.020(1) provides that the "rights and remedies provided in [the Nevada Industrial Insurance Act] for an employee on account of an injury by accident sustained arising out of and in the course of the employment...shall be exclusive of all other rights and remedies of the employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury." NRS 616A.020(1). Additionally, Nevada Revised Statute 616B.612(4) provides that an employer within the provisions of the NIIA "is relieved from other liability for recovery of damages or other compensation for those personal injuries unless otherwise provided by the terms of [the NIIA]." NRS 616B.612(4).

Significantly, in *Wood v. Safeway*, 121 Nev. 724 (2005), the Nevada Supreme Court thoroughly analyzed the NIIA's preclusive effect on an employee's claims of negligent hiring, training, and supervision, sexual harassment, and negligent infliction of emotional distress against her employer. Each of these causes of action are alleged by plaintiff in the instant case.

In *Wood*, the Nevada Supreme Court adopted the rule that the sexual assault or harassment of an employee in the workplace "falls within the NIIA if the nature of the employment contributed to or otherwise increased the risk of assault beyond that of the general public." *Id.*, 121 Nev. at 736 (citing *Doe v. South Carolina State Hosp.*, 328 S.E.2d 652, 655 (S.C. Ct. App. 1985); *Cummings v. United Resort Hotels, Inc.*, 85 Nev. 23, 27 (1969); and *McColl v. Scherer*, 73 Nev. 226, 230)). "That same assault is not within the NIIA, however, when 'the animosity of the dispute which culminates in the assault is imported into the place of employment from the injured employee's private or domestic life, ... at least where the animosity is not exacerbated by the employment.'" *Wood*, 121 Nev. at 736 (citing *McColl*, 73 Nev. at 230).

James C. Mahan
U.S. District Judge

Here, plaintiff specifically alleges that Zappos.com employee Jacqueline Marsh twice touched her inappropriately at work during regular business hours and also alleges that Marsh touched her at an offsite party sponsored by Zappos.com. Like the plaintiff in *Wood*, the only contact plaintiff had with Marsh was a result of her employment with Zappos.com. As in *Wood*, plaintiff would not have been sexually harassed but for her employment with Zappos.com and she faced a much greater risk of assault than that of the general public because of her employment. There was no any evidence of personal animosity between the two that carried over from their private lives. Therefore, plaintiff's alleged damages resulting from the assault and battery committed by Marsh are injuries which "arose out of and during the course of her employment" and are barred by NIIA under *Wood.*

Even assuming arguendo that plaintiff's tort claims are not barred by NIIA, Zappos.com cannot be held liable for tortious actions of its employees that are independent acts outside the scope of their employment. *See* NRS 41.475. In Nevada, employee acts are independent and outside the scope of employment where they are not committed in the course of an actual task assigned the employee and such acts are "not reasonably foreseeable to a person of ordinary prudence and responsibility." *See* NRS 41.475(1); NRS 41.475(2).

The tortious conduct plaintiff complains of is well outside the scope of employment because the incidents of harassment complained of are not reasonably foreseeable given the nature of Marsh's duties within the Zappos.com call center. Accordingly, Zappos.com cannot be held liable for employee activity that is not reasonably embraced within said employment and that was not parts of the tasks assigned by the employer. *Prell Hotel Corp. v. Antonacci*, 86 Nev. 390, 392 (1970).

In the instant matter, defendant maintained strict policies and procedures prohibiting sexual harassment and discrimination in the workplace. *See* Ex. 9. Marsh was aware of and acknowledged receipt and understanding of these policies. *See* Ex. 44 at ZY-78. Plaintiff also admits that she was aware of the policies and procedures in place and acknowledges that she could have reported any harassment to her supervisors immediately. *See* Ex. 5 at 44, l. 23 to 45, l. 1. In order to prevail upon claims of vicarious liability, plaintiff must prove that Zappos.com was negligent in implementing

and enforcing its policies.

**VI. Intentional Infliction of Emotional Distress**

Furthermore, plaintiff's claim for intentional infliction of emotional distress fails because plaintiff cannot establish the elements of an IIED claim. To prevail on an IIED claim a plaintiff must demonstrate: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) severe emotional distress suffered; and (3) actual or proximate causation. *Olivero v. Lowe*, 116 Nev. 395, 398-99 (Nev. 2000). In Nevada, "extreme and outrageous conduct" has been defined as that which is "outside all bounds of decency and is regarded as utterly intolerable in a civilized society." *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4 (1998).

Here, plaintiff alleges that she was inappropriately touched three times, that the contact was very brief, and that it did not affect her ability to do her job. *See* Ex. 5 at 85, ll. 2-14. General physical or emotional discomfort is insufficient to demonstrate severe emotional distress. *See Maduike*, 114 at 4. Conduct giving rise to a valid IIED claim must be so egregious as to offend human decency. *Olivero*, 116 at 398-99 (Nev. 2000). This court finds that this conduct fails to rise to the level of 'extreme and outrageous conduct beyond all bounds of decency,' and accordingly, defendant is entitled to judgment as a matter of law.

**VII. Negligence Claims**

Plaintiff's claims for negligent hiring, training, and supervision, negligence per se, and negligent infliction of emotional distress fail as a matter of law because to prevail on these claims a plaintiff must ultimately prove negligence. *Hall v. SSF, Inc.*, 112 Nev. 1384, 1393 (1996); *Falline v. GNVL Corp.*, 107 Nev. 1004, 1013 (1991). The plaintiff has failed to prove Zappos.com acted negligently in counseling Marsh after plaintiff complained, suspending Marsh pending an internal investigation, and, finally, terminating Marsh when it determined the conduct had recurred.

Zappos.com unsuccessfully moved this court for Rule 11 sanctions on plaintiff's remaining claims for whistle blowing, breach of the covenant of good faith and fair dealing, breach of contract,

James C. Mahan
U.S. District Judge

and defamation, alleging that no factual basis existed for such claims (Doc. # 41). Plaintiff has failed to uncover sufficient facts during discovery to prevail on these claims, and an award of summary judgment is appropriate. Plaintiff also pleaded a cause of action for compensatory and punitive damages; these are remedies and do not constitute an independent cause of action.

**VIII. Whistleblowing and Defamation**

Plaintiff's claim for whistle blowing asserts wrongful termination based on plaintiff's report to the EEOC . *See* Complaint (Doc. #1) at ¶ 89; *see also* Ex. 5 at 201, ll. 4-12; and Ex. 48. This claim is predicated upon the same facts as plaintiff's Title VII retaliation claim, and fails for many of the same reasons. Nevada's whistleblowing statute is Nevada Revised Statute 357, and it protects employees "blow the whistle"on frauds their employers have perpetrated against the federal government. Plaintiff appears to be asserting wrongful termination based on Zappos.com's failure to adhere to its own sexual harassment procedures, and plaintiff failed to identify any fraud that Zappos.com perpetrated against the state of Nevada

NRS 357, Nevada's False Claims Act ("FCA") is inapplicable to plaintiff's whistle blowing claim. NRS 357.420 does not protect an employee that files a claim with the EEOC, a federal regulatory agency. The FCA is designed to "expose and combat attempted fraud against the government; through it, private citizens are encouraged to disclose information regarding wrongful claims for government funds." *International Game Technology, Inc. v. Second Judicial District Court*, 179 P.3d 556, 559 (Nev. 2008). As plaintiff has failed to allege any wrongful claim for government funds by Zappos.com, this claim fails as a matter of law.

Plaintiff's claims for breach of contract and bad faith discharge also fail as a matter of law. The Nevada Supreme Court has held that employers may use disclaimers in employee handbooks in order to assure that employees are aware of their at will status. *See Martin v. Sears, Roebuck, & Co.*, 111 Nev 923, 927-28 (1995); *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 106 (Nev. 2008)(confirming that "employers may prevent implied contractual liability from arising in the first instance by including a disclaimer in their employment handbooks"). As such, "breach of contract and bad faith discharge are not applicable to at-will employment." *See Martin*, 111 Nev. 929; *Sands*

James C. Mahan
U.S. District Judge

*Regent v. Valgardson*, 105 Nev. 436, 439 (1989).

Here, plaintiff admits that she received Zappos.com's Employee Handbook, an offer letter, and a Confidential Information and Invention Assignment Agreement; each document explained thoroughly the at-will character of Zappos.com employees. *See* Ex. 5 at 29, l. 21 to 30, l. 8; 36, ll. 6-15; and 39, ll. 5-13; Ex. 9 at ZY-5; Ex. 13; Ex. 49, Offer Letter at ZY-305; and Ex. 50, Confidential Information and Invention Assignment Agreement at ZY-307. As plaintiff was an at-will employee, her contract claims fail as a matter of law.

Plaintiff's last cause of action is for defamation. To prevail upon a defamation claim in the state of Nevada a plaintiff must prove that the "defendant made a false and defamatory statement concerning the plaintiff and that the defendant published that statement, without privilege to do so, to a third party." *Lubin v. Kunin*, 117 Nev. 107, 111 (2001). Whether a statement is capable of a defamatory construction is a question of law. *Branda v. Sanford*, 97 Nev. 643, 646 (1981). A jury question arises only when the statement is susceptible of different meanings, one of which is defamatory. *Id.*

## **IX. Conclusion**

Summary judgment is appropriate in the instant case because plaintiff is unable to identify any specific defamatory statement by any Zappos.com employee that was published to a third party. Instead, plaintiff generally alleges that Zappos.com "engaged in acts that constitute defamation...such as purveying untruths to third parties" about her. *See* Complaint (Doc. #1) at ¶ 159. Therefore, defendant is entitled to judgment as a matter of law on this claim.

Finally, neither the federal nor local rules permit a sur-reply by the plaintiff. Pursuant to both Federal Rule of Civil Procedure 56(c) and Local Rule 7-2, the sequencing for a summary judgment motion allows for the filing of a summary judgment motion, a response, and a reply. *See* Fed. R. Civ. P. 56(c)(A) - (C); Local Rule 7-2(a) - (c). No sur-reply is provided for by either of these rules. Furthermore, Federal Rule of Civil Procedure 12(f) and Local Rule 7-2(b) both allow a court to strike a pleading or motion as redundant, impertinent, or immaterial. *See* Fed. R. Civ. P. 12(f); Local Rule 7-2(b)

James C. Mahan
U.S. District Judge

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant Zappos.com's motion for summary judgment (Doc. #95) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Zappos.com's motion to strike (Doc. #108) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff's motion for leave to file a sur-reply (Doc. #111) be, and the same hereby is, is DENIED.

DATED this 19th day of April, 2010.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**