UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AKILAH YOUNG, an individual, | 2:08-CV-741 JCM (PAL) |
| Plaintiff, | |
| v. | Date: N/A<br>Time: N/A |
| ZAPPOS.COM, INC., et al., | |
| Defendants. | |

**ORDER**

Presently before this court is plaintiff Akilah Young's ("Young") motion to reconsider this court's order dismissing defendant Zappos.com ("Zappos"). (Doc. # 123). Zappos filed a timely opposition. (Doc. #131). Young filed a timely reply. (Doc. #133).

Plaintiff filed this motion for reconsideration under Fed. R. Civ. P. 60(a) and (b). This court finds that neither of these provisions is applicable here. Rule 60(a) provides a mechanism for a party or the court to correct a mistake "arising from oversight or omission" in a judgment. In her motion, plaintiff alleges this court made three errors.

First, plaintiff asserts this court did not specifically address her eighteenth cause of action, "sexually hostile work environment." However, plaintiff pled three claims for sexual harassment and retaliation under Title VII of the Civil rights Act and Nevada Revised Statute 613.330. Plaintiff simply restates her sexual harassment and retaliation claims in her eighteenth cause of action, and fails to identify any Nevada or federal law that supports the separate action.

Second, plaintiff contends this court made a typographical error by stating plaintiff's

**James C. Mahan**
**U.S. District Judge**

performance evaluation occurred in June 2007, when it occurred in July 2007. However, plaintiff's performance evaluation was prepared in June 2007 and signed by her supervisors in July 2007. Plaintiff admits this purported error is not substantive.

Third, plaintiff argues that because her performance evaluation stated plaintiff met Zappos' overall expectations, the court erred by referring to plaintiff's "performance issues." However, review of the evidence submitted by Zappos demonstrates plaintiff's attendance at work declined in July 2007. The record supports this court's reference to plaintiff's performance issues.

Plaintiff also asks this court to reconsider its order under Rule 60(b)(2), which provides that "newly discovered evidence" can be grounds for relief from a final judgment. Plaintiff claims new evidence exists in defendant's second amended responses to plaintiff's request for admissions. Plaintiff further alleges the responses were not timely provided for her to include in her opposition to Zappos' motion for summary judgment. After reviewing defendant's second amended responses, this court finds they do not contain relevant new evidence.

The court granted in part plaintiff's motion to compel defendant regarding her request for admissions on February 8, 2010, (Doc. #100) but noted "for the most part, defendant has met its obligations under Rule 36 to respond to plaintiff's requests[.]" Defendant provided plaintiff with amended responses. Plaintiff contacted defense counsel alleging the amended responses were still evasive, and defendant provided plaintiff with its second amended responses on March 19, 2010. Meanwhile, defendant had filed its motion for summary judgment on January 19, 2010 (Doc. #95), and plaintiff had opposed it on February 3, 2010 (Doc. # 99).

Notably, plaintiff's original opposition to defendant's motion for summary judgment did not rely on any of defendant's responses to plaintiff's request for admissions, although defendant admitted most of the requests. Moreover, at no time did plaintiff indicate she sought to amend her opposition to Zappos' motion for summary judgment to include defendant's first amended responses, which she now claims are integral to her case. Furthermore, plaintiff filed a sur-reply to defendant's motion for summary judgment without leave of court, which the court struck. In the sur-reply, plaintiff relied on defendant's original responses instead of the first amended responses then

1  available.  Her use of the original responses underscores that the revisions defendant made to its
2  responses were not substantial.
3      Finally, reconsideration is not warranted for any other reason under Rule 60(b)(6).  The
4  remaining parts of plaintiff's motion to reconsider make conclusory statements that provide this
5  court with no basis to reconsider its order granting defendant's motion for summary judgment.
6      Accordingly,
7      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff Akilah Young's
8  motion to reconsider its order dismissing Zappos.com (Doc #123) be DENIED.
9      DATED this 28th day of July, 2010.

*[signature: James C. Mahan]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -