**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AKILAH YOUNG,                               )
                                           )
                    Plaintiff,             )          Case No. 2:08-cv-00741-JCM-PAL
                                           )
vs.                                        )          **ORDER**
                                           )
ZAPPOS.COM, INC., *et al.*,                )
                                           )
                    Defendants.            )
_____)

Before the court is a letter received from counsel for Defendant Zappos.com, Inc., inquiring of the status of the Memorandum of Fees and Costs filed in this case July 1, 2009 (Dkt. #80).  The letter request is permitted by LR 7-6(b).  In a prior Order (Dkt. #77) entered June 18, 2009, the court granted in part and denied in part Defendant's Emergency Motion for Sanctions (Dkt. #75).  The motion was granted to the extent that Plaintiff was compelled to appear for her deposition.  Plaintiff was also ordered to pay Defendant's reasonable costs and fees for the necessity of filing the emergency motion and compelling her attendance at a deposition.  The order required counsel for Defendant to file a memorandum, supported by the affidavits of counsel, establishing the amount of attorneys fees and costs incurred in bringing the motion for sanctions, and outlined the content of the memorandum.  The order also gave Plaintiff an opportunity to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable consideration deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

**PROCEDURAL HISTORY& BACKGROUND**

Plaintiff did not respond to the memorandum of costs and fees, and Defendant filed a Notice of Non-Opposition (Dkt. #83).  After additional motion practice on discovery disputes, the Defendant filed a Motion for Summary Judgment (Dkt. #95) on January 19, 2010.  On April 19, 2010, the district judge

1   entered an Order (Dkt. #114) granting Defendant's motion for summary judgment and granting and

2   denying other requests for relief.  The district judge also entered an Order (Dkt. #125) dismissing the

3   individual Defendants and directing the clerk of the court to close this case.  As a result of this order, all

4   pending motions were "terminated" on the court's CM/ECF system.  Plaintiff filed a Notice of Appeal.

5   The Ninth Circuit affirmed the judgment of the district court and issued a Mandate (Dkt. #147) October

6   28, 2010, and the Mandate of the Ninth Circuit was spread on the records of this court November 1,

7   2010 (Dkt. #149).

8                                               **DISCUSSION**

9           The memorandum of costs and attorneys fees is supported by the affidavits of counsel for

10  Defendant, Jody M. Florence and Jen J. Sarafina.  In granting in part and denying in part Defendant's

11  emergency motion for sanctions, the court found Plaintiff should pay Defendant's reasonable costs and

12  attorneys fees for the necessity of filing the emergency motion because Plaintiff had failed to comply

13  with the court's orders and had failed to make herself available for the taking of her deposition.

14  Plaintiff was given an opportunity to oppose the reasonableness of the costs and attorneys fees

15  Defendant sought, and to present any reasons why she believed an award of expenses would be unjust.

16  Plaintiff did not file a responsive memorandum.

17          The memorandum seeks $4,752.50 in attorneys fees for time spent by an associate and the

18  partner in the firm, for drafting, editing, and filing the emergency motion for sanctions.  The partner,

19  Jody M. Florence's hourly billable rate is $325, and she spent 8.6 hours of time.  The associate, Ms.

20  Sarafina's hourly billable rate is $225, and she spent 8.7 hours of time.  Excerpts of the law firm's

21  invoices for services rendered in this case are attached to the memorandum.

22           Defense counsel spent an extraordinary amount of time in this case seeking to obtain routine

23  discovery from the Plaintiff.  The court conducted a number of hearings, and eventually entered an

24  Order (Dkt. #74) requiring the Plaintiff to appear for a deposition on or before Monday, June 15, 2009.

25  The Plaintiff did not comply with the court's order which required her to provide defense counsel with

26  at least three different available dates for deposition prior to June 15, 2009.  The court's Order (Dkt.

27  #74) provided Plaintiff with guidance and an opportunity to file a motion for protective order if she

28  believed she could establish good cause for limiting her deposition to a Saturday as she had requested.

However, the Plaintiff did not file a motion for protective order, and did not establish good cause for an order limiting her deposition to a Saturday.  The court's Order (Dkt. #74) warned the Plaintiff that failure to comply with the order and other orders of the court and/or her failure to attend a duly-noticed deposition would result in the imposition of sanctions up to and including a recommendation to the district judge of case-dispositive sanctions.

The Order (Dkt. #77) granting in part and denying in part Defendant's emergency motion for sanctions was reluctantly entered after Plaintiff's repeated failures to comply with her discovery obligations and the court's orders.  For example, the Plaintiff failed to appear for a telephonic scheduling conference set May 12, 2009, and failed to comply with the court's Order (Dkt. #74) that she provide defense counsel with at least three available dates for a deposition during the work week. In short, defense counsel and the court spent an inordinate amount of time attempting to get Plaintiff to comply with her discovery obligations, and the orders of this court.

The court has reviewed the memorandum and supporting affidavits and invoice excerpts and has also again reviewed Defendant's emergency motion and it's voluminous attachments.  The court finds that the two attorneys' hourly rate is reasonable.  However, although the court does not doubt that the two attorneys who participated in drafting, editing and filing the motion and its supporting affidavit actually spent the time they reported, the total amount is not reasonable to assess Plaintiff as a discovery sanction.  The court will allow all of the time spent by associate counsel, Ms. Sarafina, 8.7 hours at the rate of $225 per hour, and an additional 1.6 hours spent by the partner, Ms. Florence, at the rate of $325 per hour.

**IT IS ORDERED** attorneys fees in the amount of $2,477.50 are awarded in favor of Defendant Zappos.com as reasonable costs and fees incurred in bringing Defendants' Emergency Motion for Sanctions.

Dated this 19th day of November, 2010.


_____
Peggy A. Leen
United States Magistrate Judge

3